UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL DAVID WILLIAMS, | Case No.: 22-11382 |
|     Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| BETHESDA SOFTWORKS LLC, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
|     Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF No. 5)**

**I.     BACKGROUND**

Plaintiff Samuel David Williams, who is proceeding without counsel, filed this complaint on May 5, 2022, in the Circuit Court for the County of Genesee. (ECF No. 1, PageID.3). This action was removed to the Eastern District of Michigan by Defendant on June 22, 2022. (*Id.* at PageID.1). It was later referred to the undersigned for all pretrial maters, including Defendant's motion to dismiss. (ECF No.7; ECF No.5). This matter is presently before the Court on that motion. (ECF No. 5). Plaintiff filed two response briefs (ECF Nos. 9, 10) that appear to be identical except that the second response has a page added to the exhibit.

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 5) be **GRANTED** and that Plaintiffs'

1

complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## II. DISCUSSION

### a. Motion to Dismiss for Lack of Personal Jurisdiction

Under Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden to establish that the exercise of jurisdiction over the defendant is proper. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where, as here, there has been no evidentiary hearing on personal jurisdiction, a plaintiff "must make only a *prima facie* showing that personal jurisdiction exists [,]" *id.* (citation omitted), but must articulate specific facts to show that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The court must then consider all the facts presented in the pleadings and affidavits in a light most favorable to the plaintiff, without weighing contrary assertions offered by the defendant. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005).

Plaintiff alleges in his response brief that Defendant sold the material at issue in the state of Michigan at retailers such as Walmart and GameStop. (ECF No. 9, PageID.45). Plaintiff includes a receipt from Walmart for the purchase of *Doom Eternal* a video game which Plaintiff asserts is produced by Defendant. (*Id.* at PageID.49). Plaintiff also includes online search results indicating that another video game which is a product of Defendant, *Ghostwire: Tokyo*, asserting it may

be purchased and shipped to Michigan. (*Id*. at 70-74; 45).  In assessing whether personal jurisdiction exists, the Court may consider factual allegations that are not within the complaint.  *Pelle Pelle, Inc. v. Billionaire Mafia*, LLC, No. 10-11532, 2011 WL 739348, at *2 (E.D. Mich. Feb. 24, 2011) ("In the typical case, once the defendant has filed a motion to dismiss for lack of personal jurisdiction, the plaintiff will file a factual response that, at a minimum, attempts to support the plaintiff's contention that the Court has personal jurisdiction over the defendant."); *Theunissen*, 935 F.2d at 1458 (further citation omitted) ("Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").  Defendant concedes it "does not dispute that the allegations in the Response, if assumed true, would state a prima facie case for personal jurisdiction." (ECF No. 12, PageID.101, n.2).  Viewing these facts in the light most favorable to the Plaintiff and considering the Defendant's concession, the Court assumes for the purposes of this motion that the Plaintiff has established a prima facie case for personal jurisdiction.

      b.  <u>Motion to Dismiss for Failure to State a Claim</u>

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case in which the complaint fails to state a claim upon which relief can be granted.  The Court must construe the complaint in the light most favorable to the plaintiff and accept its

3

allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93–94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue).

4

Defendant argues its motion to dismiss for failure to state a claim should be granted because Plaintiff does not allege copyright registration, identify a medium in which the allegedly infringed work is fixed, provide any description of the story and artwork by Defendant that allegedly infringes, or describe the way Defendant's work is infringing. (ECF No. 12, PageID.100). Defendant asserts that Plaintiff does not "adequately allege ownership of a valid copyright, as it neither mentions copyright registration nor identifies a medium in which Plaintiff's work is fixed." (*Id.*). Defendant later argues that the generic idea Plaintiff references of "Sinister Prophet" is not copyrightable material. (*Id.* at PageID.101).

Plaintiff's complaint is illegible, but the Defendant included a "good-faith reproduction" of the more legible original. (ECF No. 1, PageID.3). Plaintiff does not contest Defendant's reproduction of his complaint in Plaintiff's response brief. Plaintiff's complaint is extremely sparse on factual allegations. He alleges he is "the [a]uthor and [a]rtist of Super Natural Wars." (*Id.*). Plaintiff states that his "[a]rtwork and [s]tory" were stolen by Defendant and he was damaged in the amount of $200,000,000. (*Id.*). In Plaintiff's response to Defendant's motion to dismiss, Plaintiff claims that Defendant "sold my infringed works through retailers within Michigan intentionally." (ECF No.9, PageID.46).[1] He indicates Defendant

---

[1] Given that the Court has included additional factual information from the response brief, some courts in this Circuit elect to consider the additional factual information as a supplement to the complaint when the plaintiffs are proceeding *pro se*. *See Coleman v. Gullet*,

"tried to cover their tracks by revising the description of the infringed work *Ghostwire: Tokyo*." (*Id.*) (italics added). Plaintiff argues that Defendant "replaced (Sinister Prophet) with Occultist. (Sinister Prophet) are words mentioned in my story multiple times." (*Id.*). This is the extent of any factual allegations about the alleged infringement by the Plaintiff.

A copyright arises upon fixation of a work of authorship in any tangible medium of expression. 17 U.S.C. § 102 (2018). While registration of a copyright with the U.S. Copyright Office is not required for copyright protection, a grant or refusal of a copyright registration is a prerequisite for instituting a suit for copyright infringement. 17 U.S.C. § 411 (2018); *Fourth Est. Pub. Ben. Corp. v. Wall-St..com, LLC*, 139 S. Ct. 881, 891 (2019). Here, Plaintiff does not allege that he sought to register his copyright nor does he provide the grant or refusal of copyright registration from the U.S. Copyright Office. As a grant or refusal of a copyright registration is a requirement for instituting suit for copyright infringement, Plaintiff has not met the requirements to bring suit.

---

2012 WL 5986779, at *11 (E.D. Mich. Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (construing *pro se* plaintiff's allegations in response to motion for summary judgment as supplement to the complaint); *Dimov v. EMC Mortg. Corp.*, 2010 WL 2506717, at *1 n. 1, 2 (E.D. Tenn. June 17, 2010) ("In his response to [Defendant's] motion to dismiss, Plaintiff supplemented factual allegations in the complaint with some additional details. . . . [G]iven the liberal pleading standard in cases filed *pro se*, the Court will consider these additional factual allegations and construe them, along with the amended complaint, in the light most favorable to Plaintiff.").

Even if he had met the requirements to bring suit for copyright infringement, his allegations do not state a viable claim for relief. To state a claim for copyright infringement, a plaintiff must demonstrate: "(1) ownership of a valid copyright; and (2) copying by the defendant." *Halper v. Sony/ATV Music Publ'g, LLC*, No. 18-5915, 2019 WL 994524, at *2 (6th Cir. Feb. 15, 2019) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff has not provided any of the details related to his alleged copyrighted work nor has he specified how the Defendant's product or products allegedly infringes. As Plaintiff's complaint lacks factual allegations of ownership of a valid copyright or copying by Defendant, Plaintiff has not offered sufficient factual allegations to make the asserted claim plausible on its face. *Twombly*, 550 U.S. at 570. For these reasons, the undersigned suggests that Defendant's motion to dismiss for failure to state a claim be **GRANTED** and the complaint be dismissed without prejudice.[2]

## III. RECOMMENDATION

---

[2] "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored *pro se* litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Brown v. Matauszak*, 415 F. App'x 608, 614–15 (6th Cir. 2011) (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir.1990) (further citation omitted)). Dismissing this complaint with prejudice under Rule 12(b)(6) would be too "harsh [a] sanction." *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990) ("The grant of a 12(b)(6) motion is an adjudication on the merits, unless the district court specifies the dismissal is without prejudice. The decision to dismiss with prejudice is a harsh sanction, but the choice lies within the discretionary power of the district court, and we will not reverse absent a clear showing of abuse of discretion.") (citations omitted).

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 5) be **GRANTED** and that the complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 2, 2022　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

　　The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 2, 2022.

　　　　　　　　　　　　　　　　　　s/Kristen MacKay
　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　(810) 341-7850

9