UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL DAVID WILLIAMS,

        Plaintiff,        Case Number 22-11382
v.        Honorable David M. Lawson
        Magistrate Judge Curtis Ivy, Jr.
BETHESDA SOFTWORKS LLC,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Samuel David Williams filed a *pro se* complaint that generously has been construed to plead a copyright infringement claim. The complaint alleges that the defendant, video game publisher Bethesda Softworks, LLC, stole the plaintiff's artwork and story, "Super Natural Wars." The case was referred to Magistrate Judge Curtis Ivy, Jr. to conduct all pretrial proceedings. The defendant moved to dismiss the complaint for want of personal jurisdiction and failure to state a claim. Judge Ivy issued a report recommending that the Court grant the defendant's motion without prejudice. The plaintiff filed timely objections to the report and recommendation, and the motion is before the Court for review fresh in light of the plaintiff's objections.

I.

There is not much to the scant record in this case. On May 5, 2022, Williams filed this action in Genesee County, Michigan Circuit Court. Defendant Bethesda Softworks LLC timely removed the action to this Court on June 22, 2022. The only allegations in the complaint are that Bethesda Softworks, a video game publisher, stole the plaintiff's "artwork and story" for "Super Natural Wars," resulting in damages of $200 million. Compl., ECF No. 1-1, PageID.14. The

defendant construed the complaint as sounding in copyright law, either because it implicitly invokes the Copyright Act, 17 U.S.C. § 101, *et seq.*, or because the statute preempts any analogous state-law claims. *See* Removal Notice, ¶¶ 21-25, ECF No. 1, PageID.5-6.

Williams makes additional allegations in his response to the defendant's motion to dismiss, where he states that the defendant sells his infringed works in video games under the names *Ghostwire: Tokyo* and *Doom Eternal*. Resp., ECF No. 9, PageID.45. To support that accusation, Williams states that the defendant "placed" the name Samuel — his given name — "next to" his "infringed work," thereby revealing himself to be the true author. *Ibid.* He also states that both his story and the *Ghostwire: Tokyo* game included a "sinister prophet," and that to avoid infringing on the plaintiff's work, the defendant changed its "sinister prophet" into an "occultist." *Id.* at PageID.46. Finally, the plaintiff alleges that, in June 2022, the defendant reduced the price of *Ghostwire: Tokyo* from $59.99 to $29.99. *Id.* at PageID.47.

Williams contends that the defendant is subject to personal jurisdiction in the Eastern District of Michigan because it sold the infringing works through retailers in Michigan and intentionally conducts other business activities here. *Id.* at PageID.46. He appended to his response receipts indicating that he purchased *Doom Eternal* and *Ghostwire: Tokyo* at Michigan GameStop and Walmart stores, respectively. *Id.* at PageID.49. He also attached online search results indicating that *Ghostwire: Tokyo* may be purchased and shipped to Michigan, *id.* at PageID.51-56, and game descriptions purportedly mentioning a "sinister prophet," and, later, an "occultist," *id.* at PageID.57-58. The game descriptions largely are illegible.

On June 28, 2022, the defendant filed a motion to dismiss the plaintiff's complaint for want of personal jurisdiction and failure to state a claim. ECF No. 5. As noted, the plaintiff supplemented his allegations in his response to the motion to dismiss. ECF No. 9. Three months

later, the plaintiff filed a supplemental response brief without leave of court. ECF No. 15. Judge Ivy struck the improperly filed supplemental brief from the record upon a motion by the defendant. ECF No. 17.

Magistrate Judge Ivy recommended that the Court grant the defendant's motion and dismiss the complaint. Although he found that the record includes sufficient facts that, if assumed true, would state a *prima facie* case for personal jurisdiction, he concluded that the complaint fails to state a claim upon which relief can be granted. Because the plaintiff has not alleged that he sought to register a copyright, or was refused registration from the U.S. Copyright Office, Judge Ivy concluded that the plaintiff did not fulfill the prerequisites for instituting a copyright infringement suit. Judge Ivy also concluded that the plaintiff has not alleged any facts regarding his ownership of a valid copyright or copying by the defendant.

Nonetheless, Judge Ivy recommended that the dismissal of the plaintiff's complaint be without prejudice, because any deficiencies in the complaint likely are attributable to the "untutored *pro se* litigant's ignorance of special pleading requirements." *Brown v. Matauszak*, 415 F. App'x 608, 614-15 (6th Cir. 2011) (finding dismissal without prejudice "preferable" in such circumstances) (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)); *see also Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990) ("The decision to dismiss with prejudice is a harsh sanction, but the choice lies within the discretionary power of the district court.").

The defendant has not objected to the recommendation. It did, however, file a response to the plaintiff's three objections, which are discussed below.

II.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A.  First Objection

The plaintiff begins by objecting to the report and recommendation in its entirety. That is not particularly helpful, however, because the objection simply repeats the argument that the plaintiff presented to the magistrate judge. A party may not simply disagree with the magistrate judge's ruling; he must state *why* he believes an error was committed.

Objections to a magistrate's report and recommendations must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," because it does not focus the Court's attention on any specific issues for review, "thereby making the initial reference to the magistrate useless." *Ibid.*

The first objection will be overruled.

### B. Second Objection

Next, Williams appears to contend that Judge Ivy misunderstood his reason for appending the video game receipts and search results to his motion, and thereby "amended" his brief. He says that, although he provided a receipt for his purchase of the game in Michigan, he did not assert that *Ghostwire: Tokyo* may be purchased in Michigan.

It is not clear, however, why the plaintiff appears to take issue with Judge Ivy's consideration of the materials the plaintiff submitted as evidence that the defendant does business and markets goods in Michigan. Williams says that he provided the receipts and search results in support of his argument that the defendant is subject to personal jurisdiction in this forum. Judge Ivy agreed with the plaintiff and assumed for purposes of this motion that the plaintiff has established a *prima facie* case for personal jurisdiction. It remains unknown what the plaintiff is objecting to, or why he is objecting to findings the magistrate judge made in his favor.

The second objection, therefore, will be overruled.

### C. Third Objection

Finally, Williams suggests that Judge Ivy erred by finding that the plaintiff failed plausibly to plead a claim for relief, reiterating his arguments that the defendant placed his name next to "the

infringed work," revised the description of "the infringed work," and dropped the price of *Ghostwire: Tokyo*. Williams offers no other arguments for why Judge Ivy reached the incorrect conclusion or why he plausibly pleaded a copyright infringement claim.

Judge Ivy, though, was correct. The plaintiff's complaint fails plausibly to plead a claim for relief. "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

A plaintiff may bring a claim against a person who infringes any of the plaintiff's exclusive rights in a copyright under 17 U.S.C. § 106 by demonstrating two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, --- U.S. ---, 139 S. Ct. 881, 887 (2019) (quoting § 411(a)). "Therefore, although an owner's rights exist apart from registration, *see* § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Ibid.*

Williams's complaint does not contain factual allegations from which those necessary elements can be inferred. It does not allege that the plaintiff registered, intended to register, or

- 6 -

owned any copyrights. *See Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003) ("To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it."). Nor does it contain facts that plausibly suggest that the defendants copied any of the plaintiff's works. The complaint merely states that the plaintiff's "Super Natural Wars" story used a term — "sinister prophet" — that also was found in a description of one of the defendant's games. Absent from the plaintiff's filings is any description of how the defendant's game relates to the plaintiff's story, or any facts from which to draw "an inference of copying" — that is, that the defendant had access to the allegedly-infringed work, and that there is a substantial similarity between the two works at issue. *Stromback*, 384 F.3d at 293 (quoting *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999)). The fact that the plaintiff's story and the defendant's game both used the words "sinister prophet" does not constitute a "striking" similarity. *See Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 317 (6th Cir. 2004) (defining "striking similarly" as "preclude[ing] the possibility of independent creation").

Although a *pro se* litigant's complaint — that is, a complaint filed by someone without the assistance of an attorney — must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's complaint comes up notably short here.

### III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the motion papers. The plaintiff's bare-bones complaint fails to state a

plausible claim for relief. It is not clear from the record that the plaintiff could state a plausible claim, even if given the chance. If he could have made such a showing, "the court should dismiss with leave to amend." *Reynoldson*, 907 F.2d at 126 (quoting 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (1990)). But Williams did not ask for leave to amend the complaint, much less suggest that he could truthfully plead the necessary facts. Nonetheless, "dismissal of the complaint without prejudice is preferable." *Ibid.* (citing *Guerrero v. Hauck,* 502 F.2d 579, 580 (5th Cir.1974)).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 19) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 20) are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss (ECF No. 5) is **GRANTED**.

It is further **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 22, 2023